# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

_____

## IN RE SUBPOENA TO MICHIGAN STATE POLICE

_____

**SEAN MACMASTER**,
        Plaintiff,        Case No. 21-cv-11052
                            Hon. Stephen J. Murphy, III
                            United States District Court for the
vs.                    Eastern District of Michigan

**DAVID BUSACCA**, et al.,
        Defendants.

_____/

| | |
|---|---|
| Melissa Freeman | Alexander Root |
| Blanchard Law | Assistant Attorney General |
| Attorney for Plaintiff | Attorney for Non-Party MSP |
| 309 S Lafayette, Ste 208 | MI Dep't of Attorney General |
| PO Box 938 | State Operations Division |
| Greenville, MI 48838 | PO Box 30754 |
| 616-773-2945 | Lansing, MI 48909 |
| melissa@blanchard.law | 517-335-7573 |
| | RootA@michigan.gov |

_____/

## MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO NON-PARTY MICHIGAN STATE POLICE

Plaintiff, Sean MacMaster, through counsel, moves this Court,

pursuant to Federal Rule of Civil Procedure Rule 45(d)(B)(i), to compel

Non-Party Michigan State Police to produce documents identified in

Plaintiff's Subpoena for the reasons set forth in the accompanying brief.

Respectfully submitted,

Dated: September 28, 2023 /s/ Melissa Freeman
_____
Melissa Freeman
BLANCHARD LAW
Attorneys for Plaintiff
309 S Lafayette, Ste 208
Greenville, MI 48838
(616) 773-2945
melissa@blanchard.law

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

_____

## IN RE SUBPOENA TO MICHIGAN STATE POLICE

_____

**SEAN MACMASTER**,
                    Plaintiff,               Case No. 21-cv-11052
                                             Hon. Stephen J. Murphy, III
                                             United States District Court for the
vs.                                          Eastern District of Michigan


**DAVID BUSACCA**, et al.,
                    Defendants.
_____/

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL SUBPOENA


## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ................................................. 5

CONTROLLING AUTHORITIES ........................................................... 6

STATEMENT OF FACTS ...................................................................... 8

ARGUMENT ......................................................................................... 12

  I.   The issue of whether privilege applies has already been decided and the prior order is conclusive as to the information subpoenaed related to the investigative subpoenas. ............................................... 12

    A.  The prior order is res judicata as to the issue of privilege for the investigative subpoena material ...................................................... 14

    B.  Non-Party MSP is collaterally estopped from raising the issue of privilege again. ................................................................................. 18

II.  The investigative subpoena statute does not create a federal privilege. ........................................................................20

III. Plaintiff does not require Non-Party MSP to provide documents not in its possession. ..............................................................22

IV. The subpoenaed items to are not subject to the Qualified Law Enforcement Privilege. ...................................................22

CONCLUSION AND RELIEF REQUESTED ........................................26

## STATEMENT OF ISSUES PRESENTED

I.     Whether MSP may relitigate the issue of privilege where this Court previously held that the Michigan statute did not create a federal privilege involving the same investigation.

II.    Whether MSP may rely on a state statute that does not create a federal privilege to refuse to comply with a federal subpoena.

III.   Whether MSP may refuse to comply with a federal subpoena on the basis that the documents came from other agencies.

IV.    Whether the qualified law enforcement privilege applies to an investigation that has been completed and does not contain sensitive information concerning procedures or techniques.

# CONTROLLING AUTHORITIES

## Cases

*Brown v. Felsen*, 442 U.S. 127, 131, (1979) ............................................12

E.E.O.C. v. Morgan Stanley & Co., Inc., 132 F.Supp.2d 146, 159 (S.D.N.Y.2000) ...................................................................................16

*Flagg v. City of Detroit*, No. 05-72453 (E.D. Mich Mar. 20, 2008)..........21

*Frankhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973)...............21, 23

*Gilbert v. Ferry*, 413 F.3d 578, 580 (6th Cir.2005) ................................15

*Grimes v. Bessner*, No. 17-cv-12860 (E.D. Mich Nov. 28, 2017) .............20

*Headwaters, Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1053 (9th Cir.2005) ...............................................................................................13

*Herendeen v. Champion International Corp.*, 525 F.2d 130, 133-34 (2d Cir. 1975) .............................................................................................14

*In re Am. Tobacco Co.*, 880 F.2d 1520, 1527 (2d Cir.1989)....................14

*In re City of New York*, 607 F.3d 923, 944-49 (2d Cir. 2010)............22, 23

*In re Grand Jury Investigation No. 83-2-35,* 723 F.2d 447, 450 (6th Cir. 1983)...........................................................................................17, 24

*In re Packaged Ice Antitrust Litigation*, No. 08-md-01952 (E.D. Mich. May 10, 2011)......................................................................................20

*Keenaw Bay Indian Community v. Khouri*, No. 2:16-cv-121, 2021 WL 5576034 (W.D. Mich. May 6, 2021).....................................................22

*Knight Capital Partners Corp. v. Henkel Ag & Co., KGaA*, 290 F.Supp.3d 681, 685 (E.D. Mich. 2017) ................................................10

*London v. Does*, 279 F. App'x 514, 514 (9th Cir. 2008)...........................17

*Moody v. Michigan Gaming Control Board*, No. 12-cv-13593, 2013 WL 3013862 (E.D. Mich. June 18, 2013)....................................................18

*NAACP v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir.1987) ...........................................................................................................15

*Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998) ................................18

*Richards v. Jefferson Cnty., Ala.*, 517 U.S. 793, 798 (1996) ..................13

Ritter v. Mount St. Mary's College, 814 F.2d 986, 994 (4th Cir.1987)...16

*Sanders Confectionary Prods. v. Heller Financial, Inc.*, 973 F.2d 474, 484 (6th Cir.1992) ..............................................................................12

*State Mutual Life Assurance Co. of America v. Deer Creek Park*, 612 F.2d 259, 269 n.9 (6th Cir. 1979) ......................................................15

*Stolt–Nielsen Transp. Group v. Celanese AG*, 430 F.3d 567, 575 (2d Cir. 2005).................................................................................................17

*Truel v. City of Dearborn*, 291 Mich. App. 125, 132-35 (2010) ...............19

*United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 659 (6th Cir. 1976) ..................................................................................... 19, 20, 21

*Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981)...................................................................................12, 13

**Statutes**

MCL 767A.8 ...................................................................................10

Mich. Comp. Laws Ann. §767A.8.....................................................18

**Rules**

Fed. R. Civ. P. 45 ..........................................................................10

Fed. R. Evid. 501............................................................................17

## STATEMENT OF FACTS

This claim arises out of the wrongdoing of former Assistant Attorney General Brian Kolodziej and others which resulted in the wrongful prosecution and incarceration of Plaintiff. Defendants Brian Kolodziej, a former Assistant Attorney General, and David Busacca, a Michigan State Police trooper, were criminally investigated by Detective/Sergeant Jacquelyn Stasiak and the Kent County Prosecuting Attorney's Office. Ultimately, Kolodziej was criminally prosecuted for misconduct in office and subsequently disbarred.

Detective Sergeant Jacquelyn Stasiak became a police officer right after college because she wanted to help people. *See* Exhibit A, Stasiak Dep. 33:2-11; 34:7-10 (Aug. 29, 2023). She's dedicated her entire career to the Michigan State Police (MSP). *Id.* at 34:14-16. After 30 years, she still loves her job. 33:22-23. She's set to retire in less than a year. *Id.* at 32:11-15.

When D/Sgt Stasiak received the subpoena for her deposition, she did as the Official Orders of the Michigan State Police require, she informed the litigation coordinator. *Id.* at 19:18-21. She also called Plaintiff's counsel because she had "four or five inch binders and half a

terabyte worth of information on this case" and wanted to know how she needed to prepare for the deposition. *Id*. at 21:20-23; 22:4-5. After she had spoken to Plaintiff's counsel, she was told not to speak to Plaintiff's counsel directly. *Id*. at 20:23-25. She was threatened by both by the Attorney General's Office and by MSP First Lieutenant Aimee Brimacombe that she could be "criminally charged" if she engaged in the deposition and disclosed information relative to the investigative subpoenas. *Id*. at 28:3-12.

A motion to quash the subpoena was ultimately filed by the Attorney General's Office on behalf of D/Sgt Stasiak and MSP in the Western District of Michigan. *See* No. 1:23-mc-00071 (W.D. Mich), ECF No.1, PageID.9 (June 20, 2023). The motion to quash the deposition subpoena was denied, and D/Sgt Stasiak was ordered to appear for a deposition within 30 days of the order. *See* Opinion and Order, No. 1:23-mc-00071, ECF No. 8, PageID.92 (August 3, 2023).

Though MSP lost the motion to quash, they intended to keep the ball hidden from Plaintiff, despite the well-reasoned opinion of Judge Berens. D/Sgt Stasiak once again wanted to come prepared to the deposition. Stasiak Dep. at 17:4-14. Counsel from the Attorney

General's Office told her "not to prepare for this" but she "didn't agree with that" because she did not have a sufficient independent memory of the investigation without looking at reports. *Id.* at 17:24-18:8. She sought new counsel as a result of the disagreement. *Id.* True to form, she wanted to prepare and she wanted the assistance of her new attorney in preparing, so she requested to review the documents and reports to go over with her attorney. *Id.* at 7:5-6; 8:6-9; 17:4-14. F/Lt Brimacombe informed D/Sgt Stasiak that she was "not the holder of the records" and that she "can't produce any of those records", even to her own attorney. *Id.* at 14:24-15:1. Understandably, D/Sgt Stasiak was not willing to disobey her command. *Id.* at 17:13-14.

D/Sgt Stasiak brought her police reports from the investigation to her attorney's office for the deposition but left them in her vehicle. *Id.* at 48:25-49:7. She testified that viewing her reports would refresh her recollection as to the questions being asked. *Id.* at 51:10-23. When asked to retrieve her report to refresh her recollection, her counsel advised her not to, stating:

> [I]t has been made clear by Michigan State Police that she is not to be presenting that document. She can't even set it on the table in front of her where [counsel] can see it. She is not the keeper of those records or producer of those

> records. She's a fact witness here to testify as to what she
> can recall. I'm not going to put her in the jeopardy where
> she's pulling a MSP report and presenting it here today
> without authorization from her department.

*Id.* at 49:3-50:4. F/Lt Brimacombe attended the deposition. *Id.* at 3:24.[1]

D/Sgt Stasiak was concerned that based on her compliance with this

Court's order that she submit to a deposition— even after dedicating 30

years to MSP— she may not be able to retire in good standing. *Id.* at

32:11-23. As to her motivations, she expressed as follows:

> I want to be honest. That's all I want. I want to be able to
> say what I did in an investigation. But I don't want to get
> myself in trouble in doing so. So I'm following what I was
> directed to do.

*Id.* at 30:19-23.

In part because the deposition wasn't progressing productively

due to MSP's obstructive conduct, the parties agreed to continue the

detective's deposition to a later date. Following the first day of the

deposition, Plaintiff issued a subpoena for the records pertinent to what

was testified to in the deposition. *See* Exhibit B. MSP objected to the

---

[1] Counsel for Stasiak has indicated to Plaintiff's counsel that the attendance of F/Lt Brimacombe is "an intimidation tactic", and should she be present at the continued deposition, Stasiak will not participate.

subpoena citing several bases. *See* Michigan State Police's Response to Plaintiff's Non-Party Subpoena, attached as Exhibit C.

D/Sgt Stasiak's deposition is scheduled to continue October 23, 2023. Discovery in the case ends on October 30, 2023.

## ARGUMENT

A subpoena was sent to the Michigan State Police on August 29, 2023, following the first day of the depositions of D/Sgt Jacquelyn Stasiak. *See* Subpoena, Exhibit B. It was objected to on September 13, 2023. *See* Michigan State Police's Response to Plaintiff's Non-Party Subpoena, Exbibit C. Following an objection, at any time, the serving party "may move the court for the district where compliance is required for an order compelling production…" Fed. R. Civ. P. 45(d)(2)(B)(i).

## I. The issue of whether privilege applies has already been decided and the prior order is conclusive as to the information subpoenaed related to the investigative subpoenas.

One thing requested in the subpoena was the audio or video of the interviews taken pursuant to an investigative subpoena. *See* Subpoena, Exhibit B. Michigan State Police objected on the basis that the documents requested cannot be divulged because the Michigan Investigative Subpoena Act makes them "confidential." *See* Exhibit C,

citing Mich. Comp. Laws Ann. §767A.8. Under Rule 45, the person withholding subpoenaed information, either because it is "privileged" or that it is "subject to protection as trial-preparation material" must "expressly make the claim" and describe the items enough to enable the parties to assess the claims. Fed. R. Civ. P. 45(e)(2)(A)(i-ii). "A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26." *Knight Capital Partners Corp. v. Henkel Ag & Co., KGaA*, 290 F.Supp.3d 681, 685 (E.D. Mich. 2017) (citations omitted). Rule 26(b) allows a party to obtain discovery concerning any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). The information sought includes interviews with the parties in the case, as well as witnesses to the misconduct that led to the wrongful prosecution and incarceration of Plaintiff.

Non-Party Michigan State Police D/Sgt Stasiak recently made the same argument when Stasiak filed a Motion to Quash Plaintiff's subpoena compelling her testimony regarding her investigation of the criminal case citing to the Michigan Investigative Subpoena Act as the basis. *See* No. 1:23-mc-00071 (W.D. Mich), ECF No.1, PageID.9 (June

20, 2023). Magistrate Judge Berens issued an Opinion and Order denying the motion to quash concluding that Stasiak failed to demonstrate that the statute warranted the recognition of a federal evidentiary privilege, and that the confidentiality provision in the statute did not place her testimony beyond the scope of discovery. *See* Opinion and Order, No. 1:23-mc-00071, ECF No. 8, PageID.92 (August 3, 2023). The court reasoned that while Section 767A.8 mentions "confidential[ity]", it does not say anything about privilege; nor is there any Michigan case cited which holds that the statute creates a privilege, and that the only federal case cited "provide[d] no meaningful analysis for its conclusion that the transcript the plaintiff's sought in that case was 'privileged under state law.'" *Id.* at PageID.90.

## A. The prior order is res judicata as to the issue of privilege for the investigative subpoena material.

The application of res judicata requires the following: "(1) A final decision on the merits in the first action by a court of competent jurisdiction; (2) The second action involves the same parties, or privies, as the first; (3) The second action raises an issue actually litigated or which should have been litigated in the first action; (4) An identity of the causes of action." *Sanders Confectionary Prods. v. Heller Financial,*

*Inc.*, 973 F.2d 474, 484 (6th Cir.1992). Res judicata "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, (1979). "The fundamental function of the doctrine of res judicata is to prevent the parties and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment and from litigating piecemeal the same controversy. The doctrine's objective is to give finality to prior judgments and put an end to litigation. The cases are few in which the public policy underlying the doctrine of res judicata has been found to be outweighed by countervailing considerations." *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981).

### i. There has been a final decision on the merits.

An order denying a motion to quash a subpoena qualifies as a final decision on the merits for purposes of res judicata. *See Westwood Chemical*, 656 F.2d at 1227. This requirement is met here as the prior order was a denial of a motion to quash.

### ii. Second action involves the same parties or privies as the first.

While privity "traditionally, arose from a limited number of legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest," *Headwaters, Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1053 (9th Cir.2005), the term "is now used to describe various relationships between litigants that would not have come within the traditional definition." *Richards v. Jefferson Cnty., Ala.*, 517 U.S. 793, 798 (1996). This includes situations where "a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." *Headwaters*, 399 F.3d at 1053.

Whether MSP is acting on behalf of a particular officer or on its own behalf, the interest is the same. This requirement is met.

### iii.   The issue was actually litigated.

The issue litigated was whether the statute created a privilege. *See Westwood Chemical Co., Inc.,* 656 F.2d at 1227 (observing that a party was precluded under res judicata from taking the depositions of several corporate officers when a prior court had already determined that a different set of officers were protected and "[i]n each instance, it is the construction of the same 'General Release' which denies [ ] the

right to engage in discovery of ... [the] officers"). The legal arguments were fully briefed, and Judge Berens issued a well-reasoned opinion on the merits. Specifically, as to the issue of whether the Plaintiff was entitled to the information contained in the interviews conducted pursuant to investigative subpoenas, the matter has been decided, and MSP should be compelled to provide the documents and recordings related pursuant to the subpoena. *But see In re Am. Tobacco Co.*, 880 F.2d 1520, 1527 (2d Cir.1989) (holding that res judicata did not apply to a second set of subpoenas that were "plainly narrower" than an earlier set of subpoenas that had been quashed for being overly broad and burdensome and therefore the "two sets of subpoenas are significantly different" for purposes of preclusion). This requirement is met.

### iv.    There is identity of the facts.

To constitute a bar, there must be an identity of the causes of action that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action. *See Herendeen v. Champion International Corp.*, 525 F.2d 130, 133-34 (2d Cir. 1975); *State Mutual Life Assurance Co. of America v. Deer Creek Park*, 612 F.2d 259, 269 n.9 (6th Cir. 1979). The investigation in which the

investigative subpoenas were utilized is what D/Sgt Stasiak was testifying to pursuant to the prior subpoena. This requirement is met here.

Because all of the requirements for res judicata are met, MSP cannot relitigate the issue, and must provide the recordings made pursuant to the investigative subpoenas in the investigation conducted by D/Sgt Stasiak.

## B. Non-Party MSP is collaterally estopped from raising the issue of privilege again.

Under federal law, application of collateral estoppel requires that:

> "(1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *NAACP v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir.1987). The purposes are judicial efficiency and "to avoid inconsistent results." *Gilbert v. Ferry*, 413 F.3d 578, 580 (6th Cir.2005).

Issue preclusion is a "judge-made rule, capable of flexible interpretation to serve the interests of judicial economy by preventing needless relitigation. This flexibility is constantly limited by the overriding principle that the courts should protect a litigant's right to a full and

fair opportunity to litigate his claims." *Ritter v. Mount St. Mary's College,* 814 F.2d 986, 994 (4th Cir.1987); *see also E.E.O.C. v. Morgan Stanley & Co., Inc.,* 132 F.Supp.2d 146, 159 (S.D.N.Y.2000)

### i. The precise issue raised in the present case was raised and actually litigated in the prior proceeding.

As discussed *supra*, the issues are the same and the parties had an opportunity to fully litigate the issue of whether the statute creates a privilege. As it pertains to the investigative subpoena audio, video, and reports, the information requested is identical. *See In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740 (D.C. Cir. 2006) (the elements of collateral estoppel were not met where the two orders did not address the same documents requested). Though the prior motion to quash dealt with testimony concerning the documents, and the present subpoena requests those documents and audio, the issues are nonetheless identical.

### ii. The determination on the merits was necessary to the outcome of the prior proceeding.

In order to deny the prior motion to quash, Judge Berens necessarily needed to conclude the issue of whether the statute created

a federal privilege to determine whether D/Sgt Stasiak could testify

concerning testimony taken pursuant to investigative subpoenas.

### iii.   The prior proceeding resulted in a final judgment on the merits.

Denials of motions to quash are final judgments on the merits.

*Stolt–Nielsen Transp. Group v. Celanese AG*, 430 F.3d 567, 575 (2d Cir.

2005) and *London v. Does*, 279 F. App'x 514, 514 (9th Cir. 2008).

### iv.   Non-Party MSP has had a full and fair opportunity to litigate the issue.

Non-Party MSP filed the motion to quash in the prior proceeding,

and fully briefed the issue. As referenced *supra*, the interests and issues

were the same.

## II.   The investigative subpoena statute does not create a federal privilege.

MSP argues that the statute created an evidentiary privilege, and

that the confidentiality provision constitutes a privilege because of a

strong policy of nondisclosure. *See* Objection p. 3, Exhibit C. A party

asserting privilege bears the burden of showing that the documents are

privileged. *In re Grand Jury Investigation No. 83-2-35,* 723 F.2d 447,

450 (6th Cir. 1983). Questions of privilege are to be determined by

federal common law in federal question cases. Fed. R. Evid. 501; *see*

*Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998). As in the previous opinion of Judge Berens in denying the motion to quash the deposition subpoena, MSP "fails to demonstrate that Section 767A.8 warrants the recognition of a federal evidentiary privilege". *See* Opinion, ECF No. 8, PageID.92. Once again, MSP fails to assert a federal privilege and may not rely on the state statute to refuse to comply with Plaintiff's subpoena.

The plain language of the Michigan Investigative Subpoena Act does not create a privilege.  From the plain text, it is apparent it was designed to prohibit a *prosecuting attorney* from disclosing a certain subset of investigative materials, those generated or obtained pursuant to an investigative subpoena under chapter 767A, in response to a state law freedom of information request. Mich. Comp. Laws Ann. §767A.8.

The statute was addressed in *Moody v. Michigan Gaming Control Board*, No. 12-cv-13593, 2013 WL 3013862 (E.D. Mich. June 18, 2013), which decided that the transcripts of investigative subpoenas from an open investigation would not be discoverable. *Moody* is further distinguishable because the subjects of the investigation were the plaintiffs, unlike the case at bar, where the targets of the investigation

were Defendants Kolodziej and Busacca. The *Moody* Court cited to *Truel v. City of Dearborn*, 291 Mich. App. 125, 132-35 (2010), but the opinion in *Truel* does not provide for a privilege. The investigative subpoena statute does not create a federal privilege.

### III. Plaintiff does not require Non-Party MSP to provide documents not in its possession.

MSP objected on the basis that the records were held by other agencies including Michigan Department of Attorney General, Kent County Prosecutor's Office, federal agencies, Oakland County Sheriff's Department, Canton Township Police Department, and the State of Florida. *See* Objection p. 15, Exhibit C. Plaintiff requests the items testified to by D/Sgt Stasiak wherein she reviewed documents obtained from other agencies, including the officer who initially began the investigation. Stasiak Dep. 35:13-36:20. Though the documents subpoenaed were received from other agencies, MSP should provide them.

### IV. The subpoenaed items to are not subject to the Qualified Law Enforcement Privilege.

MSP cites to *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 659 (6th Cir. 1976) for the proposition that the records are subject to the

qualified law enforcement privilege and not subject to disclosure. The court in *Leggett & Platt* did not discuss the law enforcement privilege, rather it analyzed the government privilege and work product doctrine. *Id*. at 660. The court remanded the case back to the district court to "determine the relevancy of the requested documents" and emphasized that in determining government privilege, the court should "recognize that it shields only suggestions, advice, recommendations, and opinions, rather than factual and investigatory reports, data and surveys in government's files." *Id*. In coming to its conclusion, the *Leggett & Platt* Court reasoned that the government secrecy interest is less in "completed, than in ongoing, investigations." *Id*. at 659.  Caselaw interpreting the qualified law enforcement privilege has used that reasoning in assessing the factors. *Grimes v. Bessner*, No. 17-cv-12860 (E.D. Mich Nov. 28, 2017)

The "qualified law enforcement privilege" is "designed to prevent disclosure of information that would be contrary to the public interest in the effective functioning of law enforcement." *Grimes v. Bessner*, No. 17-cv-12860 (E.D. Mich Nov. 28, 2017) citing *In re Packaged Ice Antitrust Litigation*, No. 08-md-01952 (E.D. Mich. May 10, 2011). To determine

whether the qualified law enforcement privilege applies, courts balance

the following factors:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or an evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

*Flagg v. City of Detroit*, No. 05-72453 (E.D. Mich Mar. 20, 2008) quoting

*Frankhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973). The factors

favor disclosure in the present case. The information sought pertains to

investigations which have concluded, at least one of which resulted in

criminal charges. What is sought is investigative and factual reports,

not data or evaluative summaries. *See e.g., Leggett & Platt*, 542 F.2d at

658 n. 4. The information is highly relevant and important to Plaintiff's

case.

The Second Circuit uses a similar approach to analyze the law enforcement privilege. *See In re City of New York*, 607 F.3d 923, 944-49 (2d Cir. 2010); *Keenaw Bay Indian Community v. Khouri*, No. 2:16-cv-121, 2021 WL 5576034 (W.D. Mich. May 6, 2021). There is a three-step test. First, the party asserting the privilege bears the burden of showing that the privilege applies to the disputed documents. The party must establish that the documents contain information that the privilege is intended to protect, such as (1) information pertaining to law enforcement techniques and procedures, (2) information that would undermine the confidentiality of source, (3) information that would endanger witnesses and law enforcement personnel, (4) information that would undermine the privacy of the individuals involved in an investigation, and (5) information that would seriously impair the ability of a law enforcement agency to conduct future investigations. *In re City of New York*, 607 F.3d at 948.

The second step requires that the party seeking the information establish a basis for the request. If the privilege applies to a document, there is a "strong presumption" against disclosure, which can be overcome if the party seeking the documents shows (1) that the suit is

not frivolous and is brought in good faith, (2) the information sought is not available through other discovery or through other sources, and (3) it has a compelling need for the information. *Id.* at 948. The final step requires the court to balance the public interest in nondisclosure against the litigant's need to access the privileged information. *Id.* This is done *in camera. Id.*

The Second Circuit the test is similar to the factors listed in the *Frankhauser* case, and it is unlikely that MSP could meet its burden in the first step, as the investigation had concluded, did not involve the use of undercover sources or some other individuals who required privacy or protection. The investigation was memorialized in a memorandum from Christopher Becker, the prosecuting attorney appointed to the investigation of Defendant Kolodziej, as well as at a press conference concerning the decisions following the investigation. *See* Memorandum (Dec. 17, 2020), Exhibit D.

MSP cannot meet its burden to show that the qualified law enforcement privilege applies to the material requested pursuant to the subpoena.

## CONCLUSION AND RELIEF REQUESTED

A party asserting privilege bears the burden of showing that the documents are privileged. *In re Grand Jury Investigation No. 83-2-35,* 723 F.2d at 450. As to the information sought related to what was obtained by investigative subpoena, Judge Berens has already concluded that MSP has "fail[ed] to demonstrate that Section 767A.8 warrants the recognition of a federal evidentiary privilege." See Opinion, ECF No. 8, PageID.92. Concerning the same material, MSP cannot now meet this burden. Similarly, MSP states, almost in passing, that the information requested is privileged under the qualified law enforcement privilege yet fails to support that statement in any meaningful way. MSP also states that the documents requested contain sensitive material subject to review and redaction, such as "personally identifiable information (PII), Criminal Justice Information Services (CJIS), Law Enforcement Information Network (LEIN), victim information", but fails to assert any privilege under which that information falls under. *See* Objection, p. 10, Exhibit C. Because MSP is unable to meet its burden, the documents and audio requested must be provided to Plaintiff pursuant to the subpoena.

For the reasons identified above, the Plaintiff Sean MacMaster

requests that this court grant the Plaintiff's motion and enter an order

compelling the Michigan State Police to produce the items identified in

the subpoena dated August 31, 2023.

Respectfully submitted,

Dated: September 28, 2023 _____

Melissa Freeman
BLANCHARD LAW
Attorneys for Plaintiff
309 S Lafayette, Ste 208
Greenville, MI 48838
(616) 773-2945
melissa@blanchard.law

## CERTIFICATE OF SERVICE

I certify that on September 28, 2023 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users, or if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.


Dated: September 28, 2023

/s/ Melissa Freeman

Melissa Freeman
BLANCHARD LAW
Attorneys for Plaintiff
309 S Lafayette, Ste 208
Greenville, MI 48838
(616) 773-2945
melissa@blanchard.law

**CERTIFICATE OF COMPLAINCE WITH LOCAL RULE 7.2(b)(ii)**

I certify that this brief contains 4,085 words, as defined by Local Civil Rule 7.2(b)(ii) as calculated by Microsoft Word for Mac v.16.75.

Respectfully submitted,

Dated: September 28, 2023

/s/ Melissa Freeman

_____

Melissa Freeman
BLANCHARD LAW
Attorneys for Plaintiff
309 S Lafayette, Ste 208
Greenville, MI 48838
(616) 773-2945
melissa@blanchard.law